```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
RED BULL GMBH, et al.,                                      :
                                                            :
                          Plaintiffs,                       :
                                                            :
             - against –                                    :      18-CV-7552 (VSB) (SN)
                                                            :
GALE WHOLESALE, LLC, et al.,                                :      **OPINION & ORDER**
                                                            :
                          Defendants.                       :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/27/2019

Appearances:

Anthony DiPaolo
Anthony DiPaolo, P.C.
Queens Village, New York
*Counsel for Plaintiffs*


VERNON S. BRODERICK, United States District Judge:

      Plaintiffs Red Bull GmbH and Red Bull North America, Inc. ("Red Bull") bring this action seeking compensatory damages from Defendants Gale Wholesale, LLC ("Gale Wholesale") and Jake Schmigelski, for (1) trademark infringement in violation of 15 U.S.C. § 1114; (2) unfair competition in violation of 15 U.S.C. § 1125(a); (3) dilution in violation of 15 U.S.C. § 1125(c); (4) dilution in violation of the N. Y. Gen. Bus. Law §360-l; and (5) unfair competition in violation of New York common law. Before me is Judge Netburn's November 25, 2019, Report and Recommendation, which recommends awarding Plaintiff $36,803 in money damages. (Doc. 55).

      On December 27, 2018, Defendants' attorney moved to withdraw because Defendants had terminated his representation. (Doc. 22.) Following defense counsel's withdrawal, I ordered Defendants to secure new counsel before January 31, 2019, or file a letter outlining their efforts to do so, and cautioned Defendants that the corporate Defendant's failure to retain new counsel could

result in default because business entities, unlike individuals, may not proceed pro se. (Doc. 24.) Defendants failed to secure new counsel, and subsequently failed to appear at a scheduled conference, so I directed Plaintiffs to seek a default judgment. (Doc. 45 ¶ 5.)

After Gale Wholesale failed to answer the complaint or otherwise appear in this action, I issued an Order to Show Cause on May 28, 2019, why a default judgment should not be entered against Defendant, and set the return date as July 12, 2019. (Doc. 40.) Defendants failed to appear on July 12, 2019, did not request additional time to file objections, and a default was entered on the issue of liability. (Doc. 45.) On July 15, 2019, I referred the action to Magistrate Judge Sarah Netburn for an inquest on damages. (*Id.*).

By letter dated August 12, 2019, Plaintiffs sought the dismissal of individual defendant Jake Schmigelski from this action, pursuant to Federal Rule of Civil Procedure 41(a)(2). (Doc. 49.) I granted Plaintiffs' request in an Order filed on August 19, 2019, and dismissed Schmigelski from this action.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

Here, although the Report and Recommendation provided that "the parties shall have fourteen (14) days to file written objections to this Report and Recommendation," (Doc. 55 at 6), neither party has filed an objection, nor sought an extension of time to file an objection. I have reviewed Judge Netburn's thorough and well-reasoned Report and Recommendation for clear error and, after careful review, find none. I therefore adopt the Report and Recommendation in its entirety.

## CONCLUSION

Accordingly, Plaintiff is awarded $36,803 in money damages for Defendant's trademark infringement.

The Clerk's Office is respectfully directed to enter judgment in the amount of $36,803.

SO ORDERED.

Dated: December 27, 2019
      New York, New York

Vernon S. Broderick
United States District Judge